UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLARENCE TAYLOR, | ) |
| Plaintiff, | ) ) ) No. 4:21CV-1231 RLW |
| v. | ) ) ) |
| CHARLES MORGAN, et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Clarence Taylor's Motion to Appoint Counsel (ECF No. 42). There is no constitutional or statutory right to appointed counsel in a civil case. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir. 2005); *Edgington v. Missouri Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir. 1995); *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794; *Edgington,* 52 F.3d at 780; *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering Plaintiff's Motion for Appointment of Counsel, in view of the relevant factors, the Court finds that the facts and legal issues presented in the instant case are not so complex as to warrant the appointment of counsel at this time.  In addition, the pleadings filed by

Charles Morgan, indicate that he is capable of presenting the facts and legal issues without the assistance of counsel. Plaintiff's Motion for Appointment of Counsel will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 42) is **DENIED**, without prejudice.

Dated this 16th day of December, 2022.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE