UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLARENCE TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-1231 RLW |
| ) | |
| CHARLES MORGAN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 48). Plaintiff has not responded to the motion and the time to do so has passed. The Court will grant the motion for the reasons below.

## Background

Plaintiff is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. (ECF No. 1). On October 12, 2021, he filed this civil action under 42 U.S.C. § 1983, alleging that prison employees failed to protect him from being physically and sexually assaulted by his cellmate. *Id.* The Complaint names Correctional Officer Charles Morgan, Correctional Officer Danail Taylor, Case Manager Rachel Price, and Correctional Officer Unknown Mezzo as defendants. *Id.*[1]

Plaintiff asserts that on April 3, 2020, at approximately 8:30 p.m., Plaintiff's cellmate—Inmate Thomas—had a "mental breakdown" in their cell while Plaintiff was away for a shower. *Id.* at 6. Thomas "held the food port hostage by refusing to remove his arm." *Id.* Thomas also told

---

[1] In their Motion for Summary Judgment, Defendants identify "Unknown Mezzo" as Cody Mezo and "Danail Taylor" as Daniel Taylor. (ECF No. 48).

Officers Mezo, Taylor, and Morgan "that the voices were telling [Thomas] to harm his cellmate." *Id.*

When Plaintiff returned to his cell, Thomas told Officer Mezo that "I already told [you all] what's up!" *Id.* Thomas then "submitted to wrist restraints and allowed [Plaintiff] to enter." *Id.*

After officers removed Plaintiff's wrist restraints, Thomas purportedly told Officer Mezo that Thomas was not going to give Mezo "these cuffs." *Id.* Thomas allegedly declared that he was taking Plaintiff "hostage." *Id.* Plaintiff alleges that Officer Taylor then advised Plaintiff to "handle [his] business." *Id.* Plaintiff responded that he "did not have [anything] to do with this situation and that [he] did not want to be pepper sprayed." *Id.* Officer Morgan then stated: "You better kick [Thomas's] ass or I'm spraying the whole cell." *Id.*

In an apparent attempt to defuse the situation—and "knowing that Thomas was a homosexual"—Plaintiff offered to perform oral sex on Thomas if Thomas agreed to return the wrist restraints. *Id.* at 6-7. Thomas did so. *Id.* at 7. According to Plaintiff, Officers Taylor, Morgan, and Mezo "then walked away." *Id.*

Plaintiff asserts that Thomas "expected [Plaintiff] to perform oral sex on him." *Id.* Plaintiff tried to refuse and "pressed the duress button" to summon help. *Id.* No officers responded and Plaintiff and Thomas began to fight. *Id.* Plaintiff asserts that he lost the fight and then performed oral sex on Thomas. *Id.* Following this incident, Thomas requested protective custody status. *Id.*

The next day, April 4, 2020, Plaintiff allegedly informed Case Manager Price of the incident and asked how a "mental health level 4 offender" was placed in a cell with him. *Id.* According to Plaintiff, Case Manager Price responded that she thought Plaintiff was "gay like [Thomas]." *Id.* She then made a crude remark about Plaintiff performing oral sex and walked away laughing. *Id.* Plaintiff alleges that Case Manager Price purposefully placed Thomas in his cell. *Id.*

2

The Court previously dismissed Plaintiff's official-capacity claims. (ECF No. 8). Defendants now seek summary judgment on the individual-capacity claims. (ECF No. 48).

## Legal Standard

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011). The substantive law determines which facts are critical and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Id*. Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*.

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex Corp.*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. "The nonmoving party may not rely on allegations or denials" but rather "must substantiate [his] allegations with sufficient probative evidence that would permit a finding in [his] favor on more than mere speculation or conjecture." *Carter v. Pulaski Cnty. Special Sch. Dist.*, 956 F.3d 1055, 1059 (8th Cir. 2020) (quoting *Ball v. City of Lincoln, Neb.*, 870 F.3d 722, 727 (8th Cir. 2017)). "Small factual disputes about the underlying events . . . could only create the 'metaphysical' kind of doubt that the Supreme Court decried in *Matsushita Electric Industrial Co.*

*v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)." *Main v. Ozark Health, Inc.*, 959 F.3d 319, 327 (8th Cir. 2020) (cited case omitted).

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. *Celotex Corp.*, 477 U.S. at 331. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Torgerson*, 643 F.3d at 1042 (quoting *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000)).

## Facts

Generally, on a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *Irving v. Dormire*, 586 F.3d 645, 648 (8th Cir. 2009) (citing *Thomas v. Union Pac. R.R. Co.*, 308 F.3d 891, 893 (8th Cir. 2002)). Here, however, Plaintiff failed to respond to Defendants' Statement of Uncontroverted Material Facts as required by Local Rule 4.01(E), which states in relevant part:

> Every memorandum in opposition must be accompanied by a document titled Response to Statement of Material Facts, which must be separately filed using the filing event "Response to Statement of Material Facts." The Response must set forth each relevant fact as to which the party contends a genuine issue exists. The facts in dispute shall be set forth with specific citation(s) to the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from the moving party's Statement of Uncontroverted Material Facts.

E.D.Mo. L.R. 4.01(E). The penalty for failing to follow the rule is clear: "All matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." *Id*. "Even

4

pro se litigants must comply with court rules and directives." *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) (citing *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir.1983)).[2] As a result, all matters set forth in Defendants' Statement of Uncontroverted Material Facts are deemed admitted for purposes of summary judgment. E.D.Mo. L.R. 4.01(E); *see Roe v. St. Louis Univ.*, 746 F.3d 874, 881 (8th Cir. 2014) (if the opposing party does not raise objections to a movant's statement of facts as required by Local Rule 4.01(E), "a district court will not abuse its discretion by admitting the movant's facts."); *Reasonover v. St. Louis Cnty., Mo.*, 447 F.3d 569, 579 (8th Cir. 2006) (district court did not abuse its discretion in deeming facts set forth in moving party's summary judgment motion admitted under E.D. Mo. Local Rule 4.01(E) where no timely response was filed); *Ridpath v. Pederson*, 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did not controvert defendant's statement of material facts, it was deemed admitted under E.D.Mo. Local Rule 4.01(E)).

---

[2] On September 21, 2023, Plaintiff filed a motion for extension of time to respond to Defendants' Motion for Summary Judgment. (ECF No. 56). In an attached letter, Plaintiff asserts that his Motion for Extension is a "re-send motion because [he has] not heard from the Courts." (ECF No. 56-1 at 1). The Court has no record of an earlier-filed motion for extension of time. The Certificate of Service attached to Defendants' Motion for Summary Judgment reflects that Defendants mailed their motion to the address provided by Plaintiff. (ECF No. 48). While Plaintiff has written the Court several times regarding mail delays, he has not alleged an inability to receive mail entirely. (ECF Nos. 21, 22, 23). In fact, the record shows that Plaintiff has received documents from both the Court and the Defendants. (*See, e.g.,* ECF Nos. 16, 17, 18, 19, which Plaintiff filed in response to the Court's Order dated March 3, 2022). Beyond that, the record shows there have been no significant delays for Plaintiff's outgoing mail. For example, Plaintiff mailed a motion on November 7, 2022, and the Court received the motion just three days later. (ECF No. 36). More recently, Plaintiff mailed his pending Motion for Extension of Time on September 19, 2023, and the Court received the document on September 21, 2023. (ECF No. 56). Thus, the Court finds it improbable that Plaintiff did not receive Defendants' Motion for Summary Judgment or that Plaintiff mailed, but the Court failed to receive, an earlier motion for extension of time. Even if Plaintiff's failure to respond to Defendants' Motion for Summary Judgment is attributable to mailing errors, the Court would still grant Defendants' Motion for Summary Judgment because, as will be discussed below, Plaintiff did not exhaust his administrative remedies.

5

Plaintiff is incarcerated at Potosi Correctional Center. (ECF No. 50 at ¶ 1). On April 17, 2020, Plaintiff filed an Informal Resolution Request ("IRR") alleging that:

> COI Nicholson, COI Smith, and COI Mezo, failed to report CIT Taylor and COII Morgan. On 4-3-20 during wing showers, I was held hostage by my cellmate . . . . I was forced by CIT Taylor and COII Morgan to get involved or suffer the consequences of being maced. [Illegible] told me either get involved or handle my business. Not verbatim; [sic] because they did not report this to a shift supervisor, the [sic] violated the employee code of conduct.

(ECF No. 50-2). Staff denied Plaintiff's IRR on June 10, 2020. *Id.*

Plaintiff then filed a Grievance on July 17, 2020, which stated: "COI Nicholson, Meezo [sic], and Sean Smith failed to report COI Talyor and COII Morgan to the shift supervisor. Because of their negligence, I was assaulted." (ECF No. 50-3). Deputy Warden Jody Glore denied the Grievance on August 6, 2020. *Id.*

Plaintiff filed a Grievance Appeal on September 11, 2020, which stated: "I asked that camera footage be retained, It [sic] will clearly show the confrontation. If you disclose staff discipline or not I want them held accountable. They failed to report CIT Taylor and COII Morgan trying to force me to "Handle [sic] my business." (ECF No. 50-4). Deputy Division Director Jason Lewis denied the appeal on October 23, 2020. *Id.*

Plaintiff filed the present action against Charles Morgan, Daniel Taylor, Rachel Price, and Cody Mezo on October 12, 2021. (ECF No. 1). Plaintiff does not name COI Nicholson or COI Smith in the Complaint. *Id.* Plaintiff asserts that Defendants failed to protect him from being physically and sexually assaulted by his cellmate. *Id.*

## Discussion

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

6

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). "Congress has mandated exhaustion [of administrative remedies] clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001).

"The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000). Courts "are not free to engraft upon the statute an exception that Congress did not place there." *Id.* (quoting *Castano v. Nebraska Dep't of Corr.*, 201 F.3d 1023, 1025 (8th Cir. 2000)) (internal quotation marks omitted).

The PLRA requires "proper exhaustion of administrative remedies, which means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (cleaned up). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

Defendants assert that Plaintiff has not exhausted his administrative remedies because Plaintiff did not raise the allegations at issue in this case during the administrative process. (ECF No. 49 at 5-6). A review of Plaintiff's administrative complaints shows that Defendants are correct.

In his IRR dated April 7, 2020, Plaintiff asserted that "COI Nicholson, COI Smith, and COI Mezo, failed to report CIT Taylor and COII Morgan." (ECF No. 50-2). Plaintiff alleged that Defendants Taylor and Morgan "told me either get involved or handle my business." *Id.* According to Plaintiff, Nicholson, Smith, and Mezo violated the employee code of conduct by not reporting Taylor and Morgan. *Id.*

7

Plaintiff did not assert that Defendants failed to protect him from physical and sexual assault by his cellmate. *Id.* Plaintiff instead focused on Nicolson, Smith, and Mezo's failure to report the alleged misconduct of their colleagues. *Id.*

The same is true of Plaintiff's Grievance dated July 17, 2020. (ECF No. 50-3). In that document, Plaintiff stated: "COI Nicholson, Meezo [sic], and Sean Smith failed to report COI Talyor and COII Morgan to the shift supervisor. Because of their negligence, I was assaulted." *Id.* Plaintiff complained about Nicholson, Smith, and Mezzo's failure to report Morgan and Taylor. *Id.* Plaintiff did not identify any specific wrongful conduct by Taylor or Morgan. *Id.*

Finally, in his Grievance Appeal, Plaintiff asserted: "They failed to report CII Taylor and COII Morgan trying to force me to 'handle my business.'" (ECF No. 50-4). While Plaintiff alluded to the conduct at issue in this case, he again focused on an alleged failure to report misconduct. *Id.*

The PLRA requires proper exhaustion of administrative remedies, which means using all available procedures so that the agency can address the issues on the merits. *Woodford*, 548 U.S. at 90. According to the Missouri Department of Corrections Offender Rulebook, the offender grievance process gives inmates "a method of presenting complaints and also gives staff the opportunity to resolve legitimate complaints." *Missouri Dep't of Corr. Offender Rulebook*, 61.[3] The IRR form directs offenders to "state your compliant/problem briefly – one issue – be specific." (ECF No. 50-2).

---

[3] The Court takes judicial notice of the Missouri Department of Corrections Offender Rulebook, publicly available at https://doc.mo.gov/sites/doc/files/media/pdf/2020/03/Offender_Rulebook_REVISED_2019.pdf. See *Stahl v. U.C. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("[A] district court may take judicial notice of public records and may thus consider them on a motion to dismiss.").

Plaintiff reported one issue in his IRR—Nicholson, Smith, and Mezo's failure to report Morgan and Taylor in violation of the employee code of conduct. *Id.* The institution's code of conduct is not at issue in this case. Indeed, Nicholson and Smith are not named in the Complaint.[4]

In the present case, Plaintiff asserts that Defendants failed to protect him from his cellmate, who allegedly held Plaintiff hostage and forced Plaintiff to engage in sexual activity. (ECF No. 1 at 6-7). Plaintiff claims that Defendant Morgan told Plaintiff to "kick [Thomas's] ass or I'm spraying the whole cell." *Id.* Plaintiff contends that Defendants walked away from Plaintiff's cell and did not respond to his duress call. *Id.* Plaintiff also alleges that Defendant Price made crude remarks and intentionally put a "mental health level 4 offender" in his cell. *Id.*

Plaintiff's IRR said nothing about being "held hostage" or forced to engage in sexual activity. (ECF No. 50-2). It was silent regarding his cellmate's mental status and Defendants' alleged failure to respond to a duress call. *Id.* And while Plaintiff need not specifically name an officer in an IRR before bringing a lawsuit against that officer, Plaintiff's IRR did not even allude to Defendant Price or the alleged fact that she intentionally placed Plaintiff with a "mental health level 4 offender."[5]

Plaintiff's IRR contemplated a violation of the employee code of conduct, not a violation of the U.S. Constitution. It did not alert Defendants or the Missouri Department of Corrections to

---

[4] While Defendant names Mezo in the Complaint, Plaintiff does not assert a claim against Mezo based on his alleged failure to report the misconduct of his colleagues.

[5] Defendants argue that Plaintiff's failure to name Defendant Price in the IRR alone is enough to warrant summary judgment for Defendant Price. (ECF No. 49 at 9). In doing so, Defendants rely upon outdated law. In *Jones v. Bock*, the Supreme Court explained that "[e]xhaustion is not *per se* inadequate under the PLRA when an individual later sued was not named in the grievance." *Jones*, 549 U.S. at 200. It is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion. *Id.* at 218. "Nothing in the applicable Offender Grievance Procedure requires that a prisoner name any particular individual(s) in a grievance." *Harris v. Kempker*, No. 105-CV-217 CAS, 2007 WL 494973, at *3 (E.D. Mo. Feb. 12, 2007).

Plaintiff's failure-to-protect claim. Put another away, the agency did not get an opportunity to address the merits of the specific claim at issue in this case. *See Woodford*, 548 U.S. at 90. Thus, the Court finds that Plaintiff did not exhaust his administrative remedies. *See Townsend v. Murphy*, 898 F.3d 780 (8th Cir. 2018) (no exhaustion where the informal complaint form instructed plaintiff to 'be specific as to the complaint, date, place, [and] name of personnel involved' but plaintiff failed to name particular individuals or mention specific factual allegations that later appeared in the federal complaint); *Burns v. Eaton*, 752 F.3d 1136 (8th Cir. 2013) (no exhaustion where the agency was not asked to evaluate defendant's conduct or the claims asserted in the lawsuit); *Cook v. Lombardi*, No. 4:14-CV-1695-CEJ, 2015 WL 3466267, at *4 (E.D. Mo. June 1, 2015) (no exhaustion where the IRR form instructed plaintiff to be specific and plaintiff failed to mention defendants or the facts that gave rise to plaintiff's excessive-use-of-force claim).

## Conclusion

The PLRA's exhaustion requirement is mandatory. *See Chelette*, 229 F.2d at 688. There are no genuine issues of material fact relating to Plaintiff's exhaustion of administrative remedies. Because Plaintiff did not exhaust his administrative remedies, Defendants are entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). Thus, the Court will grant Defendants' Motion for Summary Judgment. (ECF No. 48).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED** (ECF No. 48) and Plaintiff's claims are **DISMISSED** without prejudice for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time is **DENIED**. (ECF No. 56).

An appropriate Judgment will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 27th day of September, 2023.